UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**  (In Chambers:) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (filed 6/18/2012)

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 30, 2012 is vacated, and the matter is hereby taken under submission.

On April 11, 201, plaintiff Efren Villalvazo filed the instant action in the Los Angeles County Superior Court against America's Servicing Company, Wells Fargo Bank, Cal-Western Reconveyance Corporation, Federal Home Loan Mortgage Corporation and Does 1 through 500, inclusive, asserting four claims for relief: (1) breach of contract based on a Home Affordable Modification Program Loan Trial Period plan ("HAMP trial plan"); (2) fraud; (3) wrongful foreclosure; and (4) cancellation of instrument. The gravamen of plaintiff's complaint is that his real property, located at 13580 Rangoon Street, Arleta, CA 91331 ("Property"), was unlawfully foreclosed upon after defendants breached the allegedly binding HAMP trial plan by refusing to grant a permanent loan modification. On June 8, 2011, defendants removed the case to this Court on the basis of diversity jurisdiction.

By order dated May 10, 2012, the Court granted defendants' motion for judgment on the pleadings. Dkt. No. 28. First, the Court found that the HAMP trial plan is not a contract as a matter of law. Second, plaintiff's complaint failed to plead the "who, what, when, where, and how" pursuant to Rule 9(b) in sufficient detail to maintain a fraud claim. Third, the Court found that defendants complied with the non-judicial foreclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

process pursuant to Cal. Civ. Code §§ 2294 et seq. Finally, the Court held that because the foreclosure was executed properly, plaintiff's claims failed because he had not tendered the full amount due.

On May 31, 2012, plaintiff filed a first amended complaint ("FAC"). Plaintiff's FAC asserts the same four claims as the original complaint. On June 18, 2012, defendants filed a motion to dismiss the FAC. Plaintiff filed an opposition on July 9, 2012. Defendants' filed their reply on July 18, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff purchased the Property on December 2, 2005, with loans from Ownit Mortgage Solutions, Inc., in the amounts of $333,750 and $111,250, secured by first and second deeds of trust, respectively. Plaintiff refinanced the Property with loans from Mortgageit and The CIT GroupConsumer Finance, Inc., in the amounts of $417,000 and $86,000.

Plaintiff defaulted on his loan in 2007. Accordingly, The CIT GroupConsumer Finance, Inc. recorded a notice of default against the Property on June 1, 2007. See Def. RJN Exh. 2.[1] On July 20, 2009, a substitution of trustee was recorded reflecting that Cal-

---

[1]Although when ruling on a Rule 12 motion a court generally cannot consider materials outside of the complaint, see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816–17 (C.D. Cal. 2004). Here, the exhibits submitted in connection with defendants' RJN all pertain to matters of public record or are referenced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Western Reconveyance Corporation ("Cal-Western") was substituted as trustee under the deed of trust. Id. Exh. 3. Because plaintiff failed to cure his default, Cal-Western recorded a notice of trustee's sale on September 8, 2009. Id. Exh. 4. On October 29, 2009, an assignment of the deed of trust was recorded reflecting that Mortgage Electronic Registration Systems, Inc. ("MERS") assigned all beneficial interest in the note and deed of trust to Wells Fargo, d/b/a America's Servicing. Id. Exh. 5. On December 1, 2009, plaintiff entered into a HAMP trial plan and made certain reduced payments under the plan. FAC ¶ 24, Exh. A. Plaintiff was not granted a permanent modification.

Plaintiff failed to cure his default. Accordingly, Cal-Western recorded a second notice of trustee's sale on October 6, 2010. RJN Exh. 6. On November 8, 2010, an assignment of the deed of trust was recorded reflecting that Wells Fargo assigned all beneficial interest in the note and deed of trust to Freddie Mac. Id. Exh. 7. On the same day, a trustee's deed upon sale was recorded, reflecting that the foreclosure sale took place on October 28, 2010. Id. Exh. 8.

## III.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

---

in the FAC, such as the deed of trust of the Property, notices of default, notice of trustee's sale, and the trustee's deed upon sale, and other similar documents. The Court therefore GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  O  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

### B. Fed. R. Civ. P. 9(b)

Rule 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Rule. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991).

### IV. DISCUSSION

Plaintiff's FAC is very similar to the original complaint. Each claim is addressed in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

**A.  Breach of Contract**

A claim for breach of contract "is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1367 (Cal. Ct. App. 2010).

Plaintiff alleges that the HAMP trial plan he and defendants entered into constitutes a binding contract that defendants breached by not granting plaintiff a permanent modification on his loan. FAC ¶¶ 29–33. The Court previously rejected this identical argument. Dkt. No. 28 at 5 ("The Court finds that the HAMP trial plan is not a contract as a matter of law."); see also Grill v. BAC Home Loans Serv., LP, 2011 WL 127891, at *4 (E.D. Cal. Jan. 14, 2011) (concluding that "under the language of [the HAMP trial plan], a binding modification would not result unless and until [the lender] determined that plaintiff complied with the requirements. If [the lender] so determined, then it would send plaintiff a modification agreement, including a new monthly payment amount, which both plaintiff and defendant would execute"); Lucia v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 1059, 1068 (N.D. Cal. 2011) ("Plaintiffs fail to allege, however, that they have met all the conditions set forth in the [HAMP trial plan] for loan modification, including receipt of a 'fully executed copy of a Modification Agreement,' and therefore fail to allege the existence of a binding contract regarding a permanent loan modification."); Nungaray v. Litton Loan Serv., LP, 200 Cal. App. 4th 1499, 1504 (Cal. Ct. App. 2011) ("As a matter of law, there was no contract here. The plain and clear language of paragraph 2G states that the Plan 'is not a modification of the Loan Documents' and the documents will not be modified unless the [plaintiffs] 'meet all of the conditions required for modification,' including the [plaintiffs'] receipt of a 'fully executed copy of a Modification Agreement.'").

Accordingly, defendants' motion to dismiss is GRANTED as to plaintiff's breach of contract claim. Because further amendment would be futile, dismissal is with prejudice.

**B.  Fraud**

To establish a claim for fraud, plaintiff must allege facts demonstrating "(1) misrepresentation of a material fact (consisting of false representation, concealment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damages." Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (Cal. Ct. App. 2011) (internal quotation marks and citation omitted).

Plaintiff's allegations of fraud in the FAC are largely taken verbatim from the original complaint. Compare FAC ¶ 35 with Compl. ¶ 29 (alleging in both complaints that America's Servicing "represented to [p]laintiff that so long as he gave them truthful information regarding his financial status, and timely made payments on his loan in the modified amount of $1,301.15 per month, no trustee's sale would take place, and the terms of his note would be permanently modified"). In the FAC, plaintiff also alleges that the "identity of the individuals who so informed [p]laintiff are unknown to [p]laintiff" and that the alleged representations were made "solely to extract as much money as possible from [p]laintiff before America's Servicing Company and Wells Fargo Bank caused a foreclosure sale of [p]laintiff's home." FAC ¶¶ 36, 48.

The Court previously concluded that these allegations were not pled with sufficient particularity pursuant to Rule 9(b). See Dkt. No. 28 at 7–8. In the FAC, plaintiff still has not stated the "who, what, when, where, and how" of the alleged fraud; rather, plaintiff sweepingly alleges that unknown individuals from America's Servicing represented to him that he would be granted a permanent modification. See Cafasso, 637 F.3d at 1055. Because the allegations of fraud in the FAC remain largely unchanged from the complaint, dismissal is appropriate. Id.; Castaneda v. Saxon Mortg. Servs, Inc., 687 F. Supp. 2d 1191, 1200 (E.D. Cal. 2009) ("Plaintiffs' conclusory statements do not identify with any specificity what, if any, representations were made, when they were made, who made them, or why they were false. These sort of conclusory statements come nowhere close to meeting the pleading standard generally required under Rule 8, let alone the heightened pleading standard of Rule 9(b)."); DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").[2]

---

[2]Further, plaintiff has not alleged any resulting damages suffered from defendants' alleged misrepresentations. Although plaintiff asserts that the purpose of the alleged misrepresentation was to "extract as much money as possible" from him, see FAC ¶ 48,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Accordingly, defendant's motion to dismiss is GRANTED as to plaintiff's fraud claim. Because further amendment would be futile, dismissal is with prejudice.

### C. Wrongful Foreclosure and Cancellation of Instrument

In the FAC, plaintiff alleges that the lender failed to give him notice of the default and trustee's sale. FAC ¶ 52. Plaintiff also alleges that the foreclosure sale was wrongful because no defendant was "authorized by any agreement, document or memorandum, nor was it authorized by the Note or the Deed of Trust" to initiate and execute foreclosure proceedings. Id. ¶ 53. As a result, plaintiff seeks cancellation of the trustee's deed upon sale. Id. ¶ 45.

The Court previously concluded that plaintiff's claim for wrongful foreclosure and cancellation of instrument failed as a matter of law for three reasons: first, that plaintiff was precluded for challenging foreclosure because he could not "plausibly allege that he complied with his obligations under the loan, as the recorded notices of default demonstrate his failure to pay what he owed"; second, that California law "precludes a defaulted borrower—like plaintiff—from challenging the beneficiary's standing to commence nonjudicial foreclosure proceedings"; and finally, that the judicially noticeable documents demonstrated that defendants "complied with the nonjudicial foreclosure process pursuant to Cal. Civ. Code §§ 2924 et seq." Dkt. No. 28 at 8–9.

Nothing in the FAC alters the Court's conclusion. First, plaintiff still has not plausibly alleged that he complied with his obligations under the loan. Indeed, publicly recorded documents such as the notice of default prove otherwise. Because "an action for the tort of wrongful foreclosure will lie only if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale," plaintiff is barred from challenging the foreclosure proceedings in the instant action. Parcay v. Shea Mortg. Inc., 2010 WL 1659369, at *13 (E.D. Cal. Apr. 23, 2010).

---

plaintiff fails to explain how he was damaged by making payments that he was legally obligated to make.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Moreover, as a matter of California law, plaintiff cannot challenge that certain defendants were "not authorized" to initiate nonjudicial foreclosure proceedings. See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154 (Cal. Ct. App. 2011) ("By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into this comprehensive nonjudicial scheme . . . [however,] [n]othing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated."); Robinson v. Countrywide Home Loans, Inc., 199 Cal. App. 4th 42, 46 (Cal. Ct. App. 2011) ("We agree with the Gomes court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing."). Thus, plaintiff's rehashed argument that certain defendants were not authorized to conduct nonjudicial foreclosure proceedings must be rejected. See Farahani v. Cal-Western Reconveyance Corp., 2009 WL 1309732, at *2–3 (N.D. Cal. May 8, 2009); Dkt. No. 28 at 8–10.

Finally, as the Court previously concluded, judicially noticeable documents demonstrate that defendants complied with the nonjudicial foreclosure process pursuant to California Civil Code §§ 2924 et seq. See Dkt. No. 28 at 9–10. Plaintiff fails to allege any "substantial evidence of prejudicial procedural irregularity" such that the sale should be set aside. Melendrez v. D&I Investment, Inc., 127 Cal. App. 4th 1238, 1258 (Cal. Ct. App. 2005); Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994).

For all of these reasons, defendants' motion is GRANTED as to plaintiff's claim for wrongful foreclosure and cancellation of instrument. Because further amendment would be futile, dismissal is with prejudice.

### D. Failure to Allege Tender

The Court previously ruled that plaintiff's failure to actually tender the full amount due precluded him from seeking relief on equitable grounds. Dkt. No. 28 at 10–11. The Court rejected plaintiff's argument that the trustee's sale and deed upon sale are "void, not voidable" such that the tender rule does not apply to him. Id. (relying on Dimock v. Emperial Props., LLC, 81 Cal. App. 4th 868, 877 (Cal. Ct. App. 2000) and Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (Cal. Ct. App. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4868 CAS (MANx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | VILLALVAZO v. AMERICA'S SERVICING COMPANY; ET AL. | | |

Plaintiff again asserts that the trustee's sale and deed upon sale are "void, not voidable" and that he therefore need not tender the amount owed. See Opp'n at 6, 20, 27. This argument has no more merit now than it did two months ago. As discussed above, the sale at issue here was not defective in any way. Thus, if plaintiff seeks to set aside the foreclosure on equitable grounds, he is required to actually tender the amount due. See Dimock, 81 Cal. App. 4th at 877. As the California Court of Appeal held:

> Plaintiffs also assert they are not required to tender arrearages before attacking the sale. We disagree. Assuming plaintiffs otherwise had a viable claim attacking the sale, the second amended complaint merely alleged offers to tender. *A full tender must be made to set aside a foreclosure sale, based on equitable principles.* [citations.] Mabry [v. Sup. Ct., 185 Cal. App. 4th 208, 225–26 (Cal. Ct. App. 2010)] held tender was not required to delay a sale but did not suggest a tender is not required post-sale. Nor do plaintiffs propose any facts showing it would be inequitable to require a full tender. Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt.

Stebley, 202 Cal. App. 4th at 526.

Nothing in the FAC alters the Court's prior ruling. Thus, for this independent reason, plaintiff's failure to tender the full amount due renders the FAC defective as a matter of law.

**V. CONCLUSION**

In accordance with the foregoing, defendants' motion to dismiss is GRANTED, and the case is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |